UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSE WILLIAMS; ZAMIYAH DUKES; DEVIAN YOUNG,

                Plaintiffs,

-against-

SEAN COMBS; CASSIE VENTURA; JACQUELINE DEANE; OFFICER SAUTER; ROBIN KORASYK; FAMILY COURT; AKRAM LOUIS,

                Defendants.

25-CV-4598 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Rose Williams, who resides in Brooklyn, Kings County, New York, brings this *pro se* action under the court's diversity of citizenship jurisdiction.[1] Named as Defendants are Sean Combs, Cassie Ventura, the Kings County Family Court, Judge Jacqueline Deane of the Kings County Family Court, Kings County Family Court Officer Sauter, and attorneys Robin Korasyk, and Akram Louis. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

### DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Although the caption of the complaint lists Rose Williams, Zamiyah Duke, and Devian Young as Plaintiffs, Williams is the only plaintiff to have signed the complaint and application to proceed *in forma pauperis*.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Although the complaint is confusing, the crux of Plaintiff's allegations appears to relate to events that occurred in the Kings County Family Court in Brooklyn, New York. In what appear to be unrelated allegations, she also accuses Defendant Combs of "chas[ing]" her across the country. (ECF 1, at 6.) Kings County falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Nothing in the complaint suggests that any of the events giving rise to her claims occurred in this District.[2]

Plaintiff alleges that Combs is detained at the Metropolitan Detention Complex in Brooklyn, New York, and she provides this court's Manhattan address for Ventura. Kings County Family Court is located in Kings County. Plaintiff does not plead the residence of any of the other defendants, but she alleges that they are all employed at the Kings County Family Court. Because it is unknown where most of the defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in this District or the Eastern District of New York. Even if the Court did assume that at least one defendant resides in this District and that all defendants reside in the State of New York, and, therefore, that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at the Kings County Family Court, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

---

[2] This District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. A substantial part of the underlying events occurred in Brooklyn, where Plaintiff resides, and most defendants are employed or incarcerated. Furthermore, it is reasonable to expect that most relevant documents and witnesses also would be in Brooklyn. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 11, 2025
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge